# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## CIVIL ACTION NO. 3:12-CV-646-JDM

DEBRA M. KIRK                                                                  PLAINTIFF

V.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY              DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Debra M. Kirk, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her applications for disability insurance and supplemental security income benefits. Ms. Kirk asserts that the administrative law judge ("ALJ") erred when he determined that she retains the residual functional capacity to perform simple, routine, unskilled work at the medium exertional level with additional limitations.

After reviewing the parties' fact and law summaries and the administrative record, and additional evidence that Ms. Kirk submitted for the first time on appeal, the court concludes that the ALJ did not err as a matter of law and that there does not exist any basis for remanding this matter pursuant to Sentence Six of 42 U.S.C. § 405(g).

**I.**

Ms. Kirk filed an application for disability insurance benefits in March 2011 and alleged she became disabled in August 2008. After her application was denied by the state agency, she requested a hearing with an administrative law judge (an "ALJ"). Following the evidentiary hearing, at which Ms. Kirk and a vocational expert testified, the ALJ issued an opinion in which he determined that Ms. Kirk suffers from the severe impairments of bronchitis, major depressive disorder, general anxiety disorder, and panic disorder with agoraphobia, none of which, either singly or in combination, meet or equal the criteria of any of the mental health impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. The ALJ determined that Ms. Kirk's alleged impairments of back and extremity pain, diabetes mellitus, and hypertension were not severe, because they did not interfere with her ability to perform work related functions.

The ALJ further determined that Ms. Kirk retains the residual functional capacity to perform the simple, routine, unskilled work at the medium exertional level, with some additional limitations pertaining to her physical and mental mental health issues. Based on this finding, his determination that Ms. Kirk has "at least" a high school education, and the testimony of the vocational expert present at the hearing, the ALJ concluded that Ms. Kirk could not perform her past relevant work, but could perform certain jobs that exist in significant numbers in the national economy.

Ms. Kirk argues that these determinations were incorrect, and that additional evidence confirming that the ALJ erred should now be considered on appeal.

**II.**

Although a district court may not try a Social Security appeal *de novo*, it need not affirm the conclusions of the Commissioner of Social Security if an administrative law judge failed to

apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008).

### A. Whether the ALJ's Analysis at Step Two (Finding 3) is Inconsistent with His Finding at Step Four (Finding 5)

At step two of his analysis (*i.e.*, which of Ms. Kirk's impairments are severe), the ALJ deemed only one of her physical impairments (bronchitis) to be severe. Yet, in spite of declaring that Ms. Kirk's "low back and extremity pain … do not affect her ability to perform basic work related activities,"[1] the ALJ included exertional limitations to accommodate those conditions. To Ms. Kirk, who is no longer represented by counsel, this must seem confusing – either the pain in her back, legs and feet affects her ability to work, or it does not. The ALJ's analysis is not legally faulty, however.

The governing regulations state that an impairment is not severe when it "does not significantly limit [one's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) and 416.921(a). Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b) and 416.921(b). They include: (1) physical functions, *e.g.,* walking, standing, lifting, bending, or pulling; (2) the capacity to see, hear and speak; (3) the ability to understand, carry out, and remember simple instructions; (4) the ability to use one's judgment; (5) the ability to respond appropriately to supervision, co-workers, and usual work situations; and (6) the ability to deal with change in a routine work setting. *Id.* In spite of the regulations' language regarding "significant" limitations, though, the Sixth Circuit repeatedly has remarked that the goal of the test is simply to screen out totally groundless claims. *Higgs*, 880 F.2d 862-63. Accordingly, the Sixth Circuit considers step two "a *de minimis* hurdle," and has declared that "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *See Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988); *see also Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 n. 2 (6th Cir. 2007).

---
[1] Admin. R. at 24.

In his opinions, the ALJ reviewed and, with one immaterial exception, accurately cited the evidence in the record pertaining to Ms. Kirk's lower back and extremity pain, her diabetes mellitus, and her hypertension.[2] Her treatment has been minimal, there is no objective evidence to explain the degree of lower back and extremity pain she alleges, her doctors have not prescribed insulin, and her hypertension appears controllable. That being said, the state agency consultative examiner, Peter Urda, Doctor of Osteopathy, did note that Ms. Kirk has some reduced range of motion,[3] which the ALJ noted and accounted for in his conclusions regarding Ms. Kirk's residual functional capacity.

Moreover, as a practical matter, and as is the case here, it is often "legally irrelevant" if some of a claimant's impairments are deemed non-severe, because a finding of severity with respect to even one impairment requires the ALJ to consider the combined effect of all the claimant's impairments – both severe and non-severe – in the remaining steps of his analysis. 20 C.F.R. §§ 404.1523 and 404.1545(a)(2)). Accordingly, it is only seemingly inconsistent that the ALJ would not conclude that most of Ms. Kirk's physical impairments were severe, but nevertheless include certain exertional restrictions in his assessment of her residual functional capacity. The ALJ did not err when he determined that most of Ms. Kirk's physical problems were not "severe" within the meaning of the applicable regulations and that the ALJ properly considered the effects of Ms. Kirk's back and extremity pain when he determined her residual functional capacity.

**B. Whether This Matter Should be Remanded Pursuant to Sentence Six of 42 U.S.C. § 405(g).**

When, on appeal, a claimant submits evidence that was not considered by the ALJ below, the court may remand this case for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g), which permits a district court to direct the Commissioner to reconsider his decision. A Sentence Six remand is only possible, however, if the evidence is new and material, and if the

---

[2] The ALJ stated: "Treating notes …. [do] not show that her cane is prescribed, or that there is a medical need for it." See Admin. R. at 27. The cane was prescribed, at her request, see Admin. R. at 492, but there exist no treatment notes or test results indicating its medical necessity. Moreover, there are also treatment notes documenting her doctors' refusal to write her a note excusing her absence from work due to back pain, see Admin. R. at 337.
[3] Admin. R. at 388-93.

4

claimant had good cause for not including in the original administrative record. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

Ms. Kirk filed additional documents the Appeals Council on November 16, 2012,[4] and also submitted some documents to this court on appeal.[5] Generally speaking, the post-hearing documents consist primarily of documents submitted to the ALJ,[6] which the court has already reviewed and considered when determining whether substantial evidence supports the ALJ's conclusions. Some of the documents Ms. Kirk submitted after her hearing were not available to the ALJ at the time he issued his opinion. They are:

1. Copies of memorial programs for Ms. Kirk's deceased parents and brother;[7] and

2. A handwritten letter from Carla Broderick, Ms. Kirk's treating nurse practitioner, listing the conditions for which she is being treated at the Family Health Center.[8]

The court will evaluate whether any of these documents warrant a Sentence Six remand.

The court will assume without conclusively determining that the good cause requirement has been met with respect to the memorial programs and the handwritten letter from Ms. Broderick. The court need not concern itself with the issue of whether the good cause requirement actually has been met, because the court concludes that the evidence is not new and is not material.

The Sixth Circuit deems evidence new "only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon*, 447 F.3d at 483-84 (internal citation omitted). The memorial programs were clearly in existence and available to Ms. Kirk at the time of the hearing, and are therefore not "new." The handwritten letter from Ms. Broderick

---

[4] Admin. R. at 71-94.
[5] Exhibits to Pl's Fact & Law Summ. (docket no. 16-1).
[6] *Compare* Pl's Fact & Law Summ.; Admin. R. at 70-94; *and* 463-523
[7] *See* Exhibits to Pl's Fact & Law Summ. (docket no. 16-1).
[8] Admin. R. at 88.

was dated after the ALJ issued his opinion and is therefore was not in existence at the time of the hearing, but Ms. Broderick treated Ms. Kirk prior to the hearing and Ms. Kirk makes no attempt to explain why she was not able to obtain a such letter from Ms. Broderick earlier. The court therefore concludes that none of the documents are "new," as a matter of law.

Nor are the documents material. Evidence is "material" for purposes of a Sentence Six remand only if there is "a reasonable probability" that it would have led the ALJ to reach a different determination. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)(citing *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir.1988)). The court has reviewed each of the documents Ms. Kirk submitted to the Appeals Council and to this court, and concludes that none of them would have affected the ALJ's decision. The memorial programs documenting the deaths of Ms. Kirk's parents and brother shed no light on the severity of her impairments and their possible effect on her residual functional capacity. The handwritten letter that is putatively from Carla Broderick, APRN, Family Health Centers,[9] does pertain to the severity of her impairments, but is not reasonably likely to have changed the ALJ's opinion. To begin with nurse practitioners are non-acceptable medical sources. *See* 20 C.F.R. §§ 404.1513(a), (d)(1); 416.913(a)(d)(1); 404.1527(c); 416.927(c). More significantly, however, the court strongly suspects, after reviewing the administrative record in its entirety and all documents submitted as part of this appeal, that the June 28, 2012, letter purportedly from Ms. Broderick may be a forgery. Although this judge has no training in handwriting analysis, the court takes judicial notice of the marked difference in Ms. Broderick's signatures on various documents in the record,[10] and notes that the printing on the letter is noticeably similar to other documents written

---

[9] Admin. R. at 88.
[10] *Compare* Admin. R. at 484 (a typewritten letter from Ms. Broderick dated June 28, 2012), 491 (a prescription signed by Ms. Broderick), 505-507 (treatment notes signed by Ms. Broderick) *and* Admin. R. at 88, 487-88 (onset date and functional capacity questionnaires putatively signed by Ms. Broderick).

6

by Ms. Kirk or her family members,[11] and noticeably different from other exemplars of Ms. Broderick's printing.[12] Accordingly, the court concludes not only that a Sentence Six remand is not warranted under the circumstances, but that this matter should be directed to the attention of the United States Attorney for the Western District of Kentucky for evaluation and any further proceedings he sees fit. The court repeats its lack of handwriting training, but is concerned enough to refer the matter for an evaluation.

### C. Whether the ALJ Erred at Finding 8 by Determining that Ms. Kirk Has "at Least" a High School Education

Ms. Kirk asserts that she does not have a high school diploma and, therefore, the ALJ erred when he determined that she has "at least" a high school education. This argument lacks merit. The ALJ accurately noted that Ms. Kirk testified that she completed only the eleventh grade, but also noted the inconsistency in the record regarding statements she made on her disability application, statements she made to her treating professionals, and statements she made to consulting examiners. Accordingly, there exists more than ample evidence in the record that Ms. Kirk has at least a high school education, regardless of whether she graduated.

### III.

For the foregoing reasons, the court concludes that the final decision of the Commissioner is supported by substantial evidence in the record and finds no basis for reversing the decision of the Commissioner or remanding this case for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g).

---

[11] *Compare* Admin. R. at 88; *and, e.g.,* Admin. R. at 2, 16, 278-81, 284, 287-294, 494, Pl's Fact & Law Summ. (docket no. 16).
[12] *See* Admin. R. at 49, 505-07.

DATE:

cc: Ms. Debra M. Kirk, *pro se*
United States Attorney for the Western District of Kentucky
Brady Miller, AUSA